IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY,

    Plaintiff

v.

SECRETARY JOHN E. WETZEL,
ET AL.,

    Defendants

CIVIL NO. 3:CV-14-1683

(Judge Conaboy)

FILED
SCRANTON

OCT 06 2014

PER _____ DEPUTY CLERK

## MEMORANDUM
### Background

Douglas E. Humphrey (Plaintiff), an inmate presently confined at the Fayette State Correctional Institution, Labelle, Pennsylvania (SCI-Fayette), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Named as Defendants are Secretary John Wetzel and Attorney Vincent Mazeski of the Pennsylvania Department of Corrections (DOC) and the following SCI-Fayette employees: Superintendent Brian Coleman; Captain Trempus; and Correctional Officers Skobol and Pebington.

Plaintiff clearly states that he was incarcerated at SCI Fayette during all events described in this complaint. See Doc. 1,

---

1. Humphrey completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

¶ 5. His Complaint alleges that Defendants improperly confiscated his personal legal materials in violation of his right of access to the courts during the course of his ongoing confinement at SCI-Fayette. As relief, Humphrey seeks compensatory damages as well as declaratory and injunctive relief.

### Discussion

28 U.S.C. § 1391(b) provides that: (b) "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Since DOC Secretary Wetzel's office is located within the confines of the Middle district of Pennsylvania, the Complaint may be properly brought in this district.

However, it is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be

transferred by a district court to another district court where that action may have been brought by the plaintiff.

As noted above, Humphrey acknowledges that the events giving rise to the filing of this action all occurred at SCI-Fayette. With the exception of Secretary Wetzel and perhaps Attorney Mazeski, the Defendants are also located at SCI-Fayette. SCI-Fayette is located within Fayette County, which is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118(c).

Based on the location of most of the named Defendants, the nature of Plaintiff's allegations, and the fact that Plaintiff is still confined at SCI-fayette, it is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district wherein the Plaintiff is incarcerated and the related parole proceedings transpired.

Since the Western District of Pennsylvania is a more convenient forum, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 4th, 2014

3